**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**RICARDO HECHEVARRIA,**
    **Petitioner,**

**vs.**                                        **Case No. 3:09cv368/LC/MD**

**BRUCE PEARSON, WARDEN,**
    **Respondent.**
_____

## REPORT AND RECOMMENDATION

This cause is before the court upon an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. 7). The filing fee has been paid. From a review of the record and the arguments presented, it is the opinion of the undersigned that petitioner has not demonstrated entitlement to proceed under § 2241, and that the petition should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a federal inmate confined at the Federal Correctional Complex in Yazoo City, Mississippi, is currently serving a sentence imposed by this Court in Case Number 3:03cr101/LC. On September 29, 2003, petitioner pleaded guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii) and 846; and one count of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii). (Doc. 7, p. 2). *See also United States of America v. Ricardo Hechevarria*, Case Number 3:03cr101/LC, Doc. 121. He was sentenced on December 23, 2003 to concurrent terms of 130 months imprisonment followed by 4

years of supervised release. Judgment was entered on December 30, 2003. Petitioner has not challenged his convictions or sentences through either direct appeal or collateral review under 28 U.S.C. § 2255. (Doc. 7, p. 2).

In the instant § 2241 petition, petitioner challenges the validity of his sentence on the grounds that supervised release is not a valid punishment for his crimes. (Doc. 7, pp. 1,3). As relief, petitioner seeks re-sentencing. (*Id.*, p. 6). Petitioner did not respond to the question on the petition form directing him to explain why the remedy under § 2255 is inadequate or ineffective to test the legality of his detention,. (*Id.*, p. 3).

## DISCUSSION

A petition pursuant to 28 U.S.C. § 2241 is not the proper vehicle for raising the instant challenge. The <u>execution</u> or carrying out of an initially valid confinement is generally the sole issue in a § 2241 action, as attacks on the <u>validity</u> of a conviction or sentence must be asserted under § 2255. *See United States v. Hayman*, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952); *Broussard v. Lippman*, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981);[1] *see, e.g., United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990); *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111 (5th Cir. 1990).

Section 2255 provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255 (emphasis added). The italicized language is known as the "savings clause" and could allow habeas corpus review of a claim, but only in limited circumstances:

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the prisoner. *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

In the instant case, petitioner's claim is a § 2255 claim because he attacks the validity of his sentence as imposed. Petitioner admits that he has not sought relief under § 2255. A petition for a writ of habeas corpus pursuant to § 2241 is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255, particularly when the identical issues could have been raised in a timely § 2255 motion or on direct appeal. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980) (petitioner's appropriate remedy is under § 2255 and not § 2241 where alleged errors occurred at or prior to sentencing).

Furthermore, petitioner has made no showing that his claim meets the three-prong test in *Wofford*. It is well established that the § 2255 remedy is not rendered inadequate or ineffective under the statute merely because § 2255 relief has already been denied, *see Charles v. Chandler*, 180 F.3d 753, 757-58 (6th Cir. 1999); *In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997), or because petitioner may be unable to meet the prerequisites for filing a second or successive § 2255 motion, *see Wofford v. Scott*, 177 F.3d at 1245; *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2000); *United States v. Barrett,* 178 F.3d 34, 50 (1st Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998), or because petitioner has allowed the one year statute of limitations and/or grace period to expire, *see Charles v. Chandler*, 180 F.3d at 758. Petitioner does not raise a claim of actual innocence. As petitioner has not demonstrated the inadequacy of the § 2255 remedy, he should not be permitted to bring his claim by § 2241.

*Case No: 3:09cv368/LC/MD*

Treated as a § 2255 motion, the petition should be summarily denied pursuant to Rule 4(b) of the Rules Governing § 2255 proceedings. Title 28 U.S.C. § 2255(f) imposes a one year time limitation on the filing of motions under this section. The one year period of time runs from the latest of:

> **(1) the date on which the judgment of conviction becomes final;**
>
> **(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;**
>
> **(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or**
>
> **(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.**

28 U.S.C. § 2255(f). If a defendant does not file an appeal, his conviction becomes final when the ten-day time period for filing an appeal expires. *See* Fed. R. App. P. 4(b)(1)(A)(I); Fed. R. App. P. 26(a). In this case, petitioner's convictions and sentences became final when this period expired, ten days after the December 30, 2003 entry of judgment in his criminal case, or January 9, 2004. *See* Fed. R. App. P. 26(a)(2). To be timely, a § 2255 motion had to be filed not later than one year from that date, or January 9, 2005. Construing petitioner's § 2241 petition as a § 2255 motion, it would therefore be facially untimely.

Accordingly, it is respectfully RECOMMENDED:

That petitioner's amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 7) be DISMISSED with prejudice as petitioner has not demonstrated entitlement to proceed under that section, and that treated as a § 2255 motion the petition be summarily dismissed as untimely.

At Pensacola, Florida, this 9th day of November, 2009.


**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**